UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD A. MOTLEY, III,

      Plaintiff,

v.

CASE NO. 2:13-CV-12517
HONORABLE DENISE PAGE HOOD

WILLIAM R. FORD,

      Defendant.
_____/

ORDER OF SUMMARY DISMISSAL

Plaintiff Edward A. Motley, III, an inmate at the Saginaw Correctional Facility, is suing the attorney who represented him in a federal habeas proceeding concerning his state court conviction. In particular, Plaintiff asserts that his attorney filed the habeas petition before exhausting state court remedies and omitted viable claims from the petition. He seeks damages and reinstatement of his habeas petition.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F. 3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless."

*Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997); *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A pro se litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of: (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). To be a "state actor," a party's actions must be "'fairly attributable to the state.'" *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995), quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant. *Polk County v. Dodson*, 454 U.S. 312 (1981). Plaintiff's counsel was not acting under

color of state law in acting as his attorney. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

To the extent that Plaintiff claims that his conviction is invalid because he received ineffective assistance of counsel, he also fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A judgment in favor of Plaintiff on this issue would necessarily imply the invalidity of his continued confinement. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87. A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Plaintiff has already filed habeas petitions which were denied and dismissed. (Case Nos. 08-10428 and 10-13132) In this case, Plaintiff filed a civil complaint under § 1983 against his counsel. Should Plaintiff seek to file another habeas petition, he must first seek permission from the Sixth Circuit Court of Appeals to file a successive habeas petition. 28 U.S.C. § 2244.

For the foregoing reasons, the complaint is **DISMISSED** pursuant to Fed.R.Civ.P. 12(b)(1).

**SO ORDERED**.


                               S/Denise Page Hood
                               Denise Page Hood
                               United States District Judge

Dated: June 28, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 28, 2013, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager